Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

District of Colorado

Denver Division

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 09 2024

JEFFREY P. COLWELL
CLERK

| | |
|---|---|
| Felix Mauro Torres | Case No. ___1:24-cv-00142-SBP___ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | |
| *If the names of all the plaintiffs cannot fit in the space above,* | Jury Trial: *(check one)*   ☒ Yes   ☐ No |
| *please write "see attached" in the space and attach an additional* | |
| *page with the full list of names.)* | |
| **-v-** | |
| GOVERNOR JARED POLIS | |
| JUDGE PAX LEIA MOULTRIE | |
| AND DENVER DISTRICT COURT FAMILY | |
| DIVISION AND VANESSA GUZMAN | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the* | |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non–Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | FELIX MAURO TORRES |
| Address | 2411 Teodoro Rd. NW |

| City | State | Zip Code |
|---|---|---|
| Albuqueque | NM | 87107 |

| | |
|---|---|
| County | |
| Telephone Number | 505-220-6104 |
| E-Mail Address | fmaurot@centurylink.net |

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Pax Leia Moultrie |
| Job or Title *(if known)* | District Court Judge Family Division |
| Address | 520 West Colfax Ave. Room 125 |

| City | State | Zip Code |
|---|---|---|
| Denver | Co | 80204 |

| | |
|---|---|
| County | USA |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity      ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Vanessa Guzman |
| Job or Title *(if known)* | |
| Address | 7382 S. Sourdough Dr |

| City | State | Zip Code |
|---|---|---|
| Morrison | CO | 80465 |

| | |
|---|---|
| County | USA |
| Telephone Number | |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

E-Mail Address *(if known)* _____

☒ Individual capacity    ☐ Official capacity

**Defendant No. 3**

Name                  Jared Polis

Job or Title *(if known)*    Governor of Colorado

Address               State Capitol Building 200 E. Colfax Ave. Room 136

| Denver | Co | 80203 |
|--------|------|----------|
| *City* | *State* | *Zip Code* |

County

Telephone Number      303-866-2885

E-Mail Address *(if known)* _____

☐ Individual capacity    ☒ Official capacity

**Defendant No. 4**

Name                  Denver District Court

Job or Title *(if known)* _____

Address               1437 Bannock St,

| Denver | Co | 80202 |
|--------|------|----------|
| *City* | *State* | *Zip Code* |

County

Telephone Number      303 606 2300

E-Mail Address *(if known)* _____

☐ Individual capacity    ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

14th amendment to the Constitution per Section 6 supported by The Supreme Court of North Carolina findings in Owenby v. Young, that:

[T]he Due Process Clause of the Fourteenth Amendment ensures that the government does not impermissibly infringe upon a natural parent's paramount right to custody solely to obtain a better result for the child. [ Adams v. Tessener , 354 N.C. 57, 62, 550 S.E.2d 499, 503 (2001) (citing Troxel v. Granville , 530 U.S. 57, 72-73, 120 S.Ct. 2054, 2063–64, 147 L.Ed.2d 49, 61 (2000) ) ]. Until, and unless, the movant establishes by clear and convincing evidence that a natural parent's behavior, viewed cumulatively, has been inconsistent with his or her protected status, the "best interest of the child" test is simply not implicated. In other words, the trial court may employ the "best interest of the child" test only when the movant first shows, by clear and convincing evidence, that the natural parent has forfeited his or her constitutionally protected status.

357 N.C. 142, 148, 579 S.E.2d 264, 268 (2003). Our Supreme Court also recognized in Price v. Howard, that:

A natural parent's constitutionally protected paramount interest in the companionship, custody, care, and control of his or her child is a counterpart of the parental responsibilities the parent has assumed and is based on a presumption that he or she will act in the best interest of the child.

346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997) (citations omitted). Each parent's constitutional rights are equal and individually protected. See id. ; Quilloin v. Walcott , 434 U.S. 246, 255, 98 S.Ct. 549, 554, 54 L.Ed.2d 511, 519 (1978) ("We have recognized on numerous occasions that the relationship between parent and child is constitutionally protected.").

Before denying a parent all custodial and visitation rights with his or her children, the trial court: (1) must first make a written finding that the parent was unfit or had engaged in conduct inconsistent with his protected status as a parent, before applying the best interests of the child test; and (2) make these findings based upon clear, cogent, and convincing evidence. Moore v. Moore , 160 N.C. App. 569, 573-74, 587 S.E.2d 74 (2003) ; see Petersen v. Rogers , 337 N.C. 397, 403-404, 445 S.E.2d 901, 905 (1994) ("[A]bsent a finding that parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of parents to custody, care, and control of their children must prevail.").

---

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

---

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

Re: Defendants Judge Moultrie, Denver District Court and the Govenor Polis of Colorado

Section 6 of the 14th Amendment in the Bill of Rights has the purpose to protect the natural rights of the citizens of the individual States against infringement. During a December 18, 2023 hearing in the Denver District Court in front of Judge Moultrie on the matter of my (Felix Mauro Torres) right to access and parent my 4.5 years old son (M), I asserted my rights under the 14th Amendment per the findings cited in the Supreme Court of North Carolina that are abundantly clear and requested time with my son. The Denver Family Court and Judge Moultrie refused to address my request stating to me that such a consideration of my 14th Amendment rights were subject to the Denver Court's conditions which included: 1. My compliance with a court recommendation for me to engage a Court appointed Guardian Ad Litem for my son which raises the matter of compelled speech, and 2. that I prove financial worthiness by providing detailed information about my financial integrity and 3. that both of these conditions were subject to the outcome of another hearing on January 29, 2024. Given that at no time have I ever been found unfit or unqualified as a parent, these conditions are meritless, punitive and recklessly ignore and violate my rights to immediately access and parent M. In point of fact, Felix Mauro already has the right to interact with M as of the present day and time and the Denver Court acting under Colorado State agencies is demonstrating by its actions contempt for the Bill of Rights, Amendment 14, which implicates culpability in the chain of authority up to and including the Governor, Jared Polis, who is the chief administrative officer who appointed Judge Moultrie.

Furthermore, per a recent Supreme Court of the USA with relevant findings in the case of AXIM vs. FTC, because the Denver Court is not court of competent jurisdiction and does not have jurisdiction over Felix Mauro Torres, and they can't because they are administrative, therefore they violate a constitutional right under the 14th Amendment. They are not prepared under an administrative concept to rule on the intent of the Founding Document or anything outside the domain of the Denver Court's Corporate Charter. In other words, since the Denver Court is not a court of law, it is an administrative court, the court is not qualified to determine what is the intent of the 14th Amendment.

To reiterate, Felix Mauro has no ties to the State of Colorado, so even under the consideration of State Law, the Denver District Court has no authority over a resident of New Mexico, and are attempting to place him into an administrative quagmire that purports to require him to fill out paperwork, accept a court ordered agent and wait on a specific future date in order to access the protection of his rights. Essentially the Denver Court has no rights to make any commitments, obligations or orders regarding Felix Mauro whose Constitutional Rights are independent of Colorado State administrative codes.

Re: Vanessa Guzman

Felix Mauro Torres' son's mother, Vanessa Guzman, did physically, emotionally and in every way act to violate his Constitutional Rights by creating an obstacle preventing any access to M using her Colorado jurisdictional claims as a quasi legal road block and shield as intimidation against Felix's natural right efforts to engage with his son.  Any reasonable interpretation of parenting standards would expect that a post divorce parent would strongly support the parenting rights on demand of the estranged parent, Felix Mauro Torres. and the same 14th Amendment principles prevail, that unless there were clear and compelling written evidence that Felix Mauro Torres was held unfit or unqualified by a Court of Law to act as a parent, no State law, code or administrative edict can be used to constrain, intimidate, threaten a parent's right to his or her child.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**III.**     **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     Where did the events giving rise to your claim(s) occur?

1. District Court of Denver, Family Division, 520 West Colfax Ave., Denver, Colorado

2. Mother's domiciles correlated with violation of father's parenting rights
2018 - 2022 Mother's Domicile - 3088 South Gray Street, Denver, Colorado 80227
2022 - Present Time - 7382 South Sourdough Drive, Morrison, Colorado 80465

B.     What date and approximate time did the events giving rise to your claim(s) occur?

A. Beginning with Mother's refusals September 4, 2019
B. And September 2020, email from Vanessa Guzman requesting court order as a condition for Felix Mauro Torres to see his M.

C. In Family Court - December 18, 2023 at 3:30 P.M.

C.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Defendants each had a role to play in violating Felix Mauro Torres' rights to parent his son.

A. Mother, Vanessa Guzman's Actions in violation of father's 14th Amendment Rights

Felix Mauro Torres was married to Vanessa Guzman in June of 2018 that lasted roughly 6 months with their marital separation beginning in December of 2018. A son, Matteo, was born in August 11, 2019 and is currently 4 years old. A stormy separation resulted in the Mother living in Denver, Colorado and father in Albuquerque, New Mexico. Following many divisive actions by the mother such as denying father access during birth, complete failure to communicate with father, unilaterally changing M's name and other actions, a court hearing on December 31, 2019 occurred, whereby paternity and support were decided and father began exercising his parental rights through time with his son. Subsequently mother continued to deny father access and information on the whereabouts of M and has not promoted a healthy consistent custodial bond between the father and M, but presumed visitation was upon for father to have parenting time rights where he and M would be together. Mother's actions precluded this as even a remote possibility.

The mother, Vanessa Guzman, has forcefully and deliberately prevented the biological father from vesting his rightful relationship with M. Mother acted on her presumption that Colorado State Law would prevail as a constraint against Felix Mauro Torres' rights to parent his son and that such an arrangement would only be available with State permission through a court order. In fact, on September 2, 2020, mother wrote an email to Father saying he would not see M without a court order.

But Colorado, unlike many States, does not have a "Presumption Custody" Law that presupposes rights consistent with the 14th Amendment where a State Jurisdiction presumes the best interests of the child is served by the joint physical and legal custody of both parents. Kentucky was the first state to enact into law a rebuttable presumption of joint legal custody (decision-making authority) and equal physical custody. A presumption can be rebutted (opposed) by incidents of domestic violence. The presumption can also be overcome by showing that joint custody is not in the best interest of the child due to proven abuse, abandonment or domestic violence.

Since and before the birth of Felix Mauro Torres' son, there has yet to be a single written finding through any court that he is either unfit or unqualified to parent his son. Yet because of the vail of restraints embedded in Colorado Family code, the mother relies on the support of the State Court to sanction in writing Felix Mauro Torres' right to parent M. This is a direct violation of Federal Law enshrined in the Bill of Rights. It reinforces that there are no allegations nor are there any incidences of abuse that would establish father as abusive.

B. Re: Defendants Judge Moultrie, The Denver District Court and Governor Polis

In a Family Court Hearing on a Motion brought to the District Court in Denver, Colorado, Felix Mauro Torres requested the Court to issue an order respecting his right to parent his son. Judge Pax Leia Moultrie presided over the hearing. As in all Colorado State Courts, there is the presumption that the Court will conform to existing written laws and legislative code. Judge Moultrie is thus presumed to be complying with State Law in addressing issues before her court. And, as a member State bound to be in compliance with Federal Law, it is incumbent upon any State Court Judge or official to show primary deference to Federal Law, especially to the natural rights of the citizens described in the Bill of Rights.

To reiterate from Section D above in this document, in a Denver District Court hearing on December 18, 2023 to request clarification and enforcement of Felix Mauro Torres' right to parent M, and without any prior written findings of his unfitness to parent, the court deferred to Colorado State process in direct contradiction to Federal Law refusing to provide relief stating that father's rights were subject to conditions irrelevant to his legal status under the 14th Amendment. And, as the court record will show, these conditions were retained after the Father asserted his 14th Amendment rights in open court. The court, by refusing to acknowledge Father's rights and having no written findings that would disqualify

his paternal rights, acted in contempt of Federal Law.

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Violation of parental rights have resulted in numerous injuries including: 1. the child's loss of a loving, fit and fully qualified father, 2. the emotional trauma, pain and suffering of a father commited to his son, 3. the time and expense from harms associated with 4 years of consultations, costly strategy discussions in search of a solution, 4. the effects of lost time from productive business activities.

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

CONTINUATION - SECTION III STATEMENT OF CLAIM SECTION C PAGE 7

And regarding the facts underlying the claims in this petition is a final but important and noteworthy finding by the United States Courts in the Ninth District revised May 2023, titled:

**9.32 Particular Rights—Fourteenth Amendment—Due Process**
**—Interference with Parent/Child Relationship**
Civil Rights Action—42 U.S.C. § 1983

In a discussion of the due process considerations of parenting regarding the 14th Amendment it clearly states "This liberty interest is rooted in the Fourteenth Amendment, which states in relevant part that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1."

In paragraph three of this document is the following comment: "It is when an unwed father demonstrates a full commitment to the responsibilities of parenthood by coming forward to participate in the rearing of his child that his interest in personal contact with his child acquires substantial protection under the due process clause." [*Kirkpatrick v. County of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016]

There can be no State Law that supersedes Father's rights to parent his son and the constraints through necessity of considerations through both the State's habitual process following its own laws are being exercised to the detriment of the plaintiff's rights to immediately and without hesitation recognize, support and fully enforce Felix Mauro Torres parental activities.

Given the injuries deliberately, maliciously and unnecessarily caused by Vanessa Guzman - FIVE MILLION DOLLARS ($5,000,000.00)

A State Court Judge Moultrie's, ignorance, indifference and casual dismissal of a citizen's request for respect and immediate support of his parenting rights - FIVE MILLION DOLLARS - ($5,000,000.00)

The Govenor who presides over State Law that contradicts, and contemptuously denies each parent's rights under the 14th Amendment to the U.S. Constitution - FIVE MILLION DOLLARS ($5,000,000.00)

Restituion for Father for 4.5 years time lost as a remedy to loss of contact between a loving father and his son.

---

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   *Feb. 07, 2024*

Signature of Plaintiff

Printed Name of Plaintiff   *Felix Mauro Torres*

### B.   For Attorneys

Date of signing:   *n/a*

Signature of Attorney

Printed Name of Attorney

Bar Number

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Name of Law Firm _____

Address _____

_____
*City*                              *State*           *Zip Code*

Telephone Number _____

E-mail Address _____

Felix Mauro Torres
2411 Teodoro Rd NW
Albuquerque, NM  87107
505 220 6104

February 7, 2024

RE:  1:24-cv-00142-SBP

United States District Court
District of Colorado
901 19th ST., Room A105
Denver Colorado. 80294-3589

To whom it may concern:

Please find my Compliant for Violation of Civil Rights (Non Prisoner) with
corrections ordered on January 18, 2014 by Magistrate Judge Susan Prose.
Additionally, I have enclosed the $405 administrative fee.

Sincerely,

Felix Mauro Torres

This product is for use with Priority Mail. Misuse may be a violation of federal law. This label is not for resale.

# PRIORITY MAIL

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

*Retail*



80294

RDC 03    0 Lb 2.50 Oz

U.S. POSTAGE PAID
PM
ALBUQUERQUE, NM 87109
FEB 07, 2024

**$9.85**

R2303S103342-03

EXPECTED DELIVERY DAY: 02/09/24

USPS TRACKING® #



9505 5168 2632 4038 7736 82

EP14H July 2022 Outer Dimension: 10 x 5

2411 Teodoro Rd NW
ABQ, NM 87107

U.S. District Court
District of Colorado
901 19th ST RM A105
Denver, CO   80294-3589



# UNITED STATES POSTAL SERVICE®

# PRIORITY MAIL

## PRIORITY MAIL

PRESS FIRMLY TO SEAL

3. Seal flap on Priority Mail mailer envelope.
United States
Postal Service®
Label 106A, Nov 2018

US AT USPS.COM®
06A, Nov 2018

United States
Postal Service®

VISIT US AT USPS.COM®
Label 106A, Nov 2018

PRESS FIRMLY TO SEAL

United States
Postal Service®

To schedule free Package Pickup,
scan the QR code.





USPS.COM/PICKUP

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

EP14H July 2022
OD: 10 x 5



PS00001000064

**TRACKED ■ INSURED**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE