IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00142-SKC-KAS

FELIX MAURO TORRES,

    Plaintiff,

v.

JARED POLIS, Governor,
PAX LEIA MOULTRIE, Judge,
DENVER DISTRICT COURT FAMILY DIVISION, and
VANESSA GUZMAN,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on the State Defendants' **Motion to Dismiss** [#21] ("State's Motion"), filed by Defendants Jared Polis ("Polis"), Pax Leia Moultrie ("Moultrie"), and Denver District Court Family Division (the "State Court")[1]; and Defendant Vanessa Guzman's **Motion to Dismiss** [#23] ("Guzman's Motion").[2] Plaintiff filed his First Response [#30] in opposition to the State Defendants' Motion [#21] and his First Response [#32] in opposition to Guzman's Motion [#23]. The State Defendants filed a

---

[1] "Denver Juvenile Court" appears to be the correct name for the entity Plaintiff has sued, not "Denver District Court Family Division." *See State Defs.' Motion to Dismiss* [#21] at 1 n.1 (citations omitted).

[2] Both Plaintiff and Defendant Guzman proceed as pro se litigants. The Court must liberally construe pro se litigants' filings. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be a pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a [litigant's] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Reply [#33] in support of their Motion to Dismiss [#21], but Defendant Guzman did not file a reply brief and the time to do so has elapsed. Then, even though briefing was closed, Plaintiff filed a Second Response [#34] to Guzman's Motion [#23], along with a Second Response [#35] to the State Defendants' Motion [#21]. Two days later, he filed a Corrected Second Response [#36] to the State Defendants' Motion [#21].

Finally, the State Defendants filed a **Motion for Leave to File Sur-Sur-Reply** [#37] (the "Motion for Leave") along with an attached proposed Sur-Sur-Reply [#37-1], arguing that Plaintiff waited until his procedurally improper Second Response [#35] to substantively address their Motion to Dismiss [#21].

The Motions [#21, #23, #37] have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See Memoranda* [#22, #28, #38]. The Court has reviewed the briefs, including Plaintiff's procedurally improper Second Responses [#34, #36] and Defendant's Sur-Sur-Reply [#37-1], the entire case file, and the applicable law. For the reasons stated below, the Motion for Leave [#37] is **GRANTED** and the Court **RECOMMENDS** that the Motions [#21, #23] be **GRANTED**.

## I. Background[3]

In June 2018, Plaintiff Felix Mauro Torres married Defendant Guzman. *Am. Compl.* [#6] at 7. In December 2018, the couple separated, after which Plaintiff moved to Albuquerque, New Mexico, and Defendant Guzman remained in Denver, Colorado. *Id.* On August 11, 2019, Defendant Guzman gave birth to a son. *Id.* Plaintiff alleges that during this time and in the months that followed, Defendant Guzman engaged in "many divisive actions," including "denying [Plaintiff] access during birth, complete failure to communicate with [Plaintiff], unilaterally changing [the child's] name and other actions[.]" *Id.*

On December 31, 2019, a hearing was held by an unidentified court, "whereby paternity and support were decided and [Plaintiff] began exercising his parental rights through time with his son." *Id.* However, Defendant Guzman allegedly "continued to deny [Plaintiff] access and information on the whereabouts of [their son] and has not promoted a healthy consistent custodial bond between" Plaintiff and their son. *Id.* On September 2, 2020, Defendant Guzman sent an email to Plaintiff stating that he would not be allowed to see their son without a court order. *Id.* Plaintiff asserts that no court has found him "either unfit or unqualified to parent his son," and that there have been "no allegations nor are there any incidences of abuse that would establish [Plaintiff] as abusive." *Id.*

---

[3] For the purposes of resolving the Motions [#21, #23], the Court accepts as true all well-pleaded, as opposed to conclusory, allegations made in Plaintiff's Amended Complaint [#6]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To the extent that Plaintiff asserts additional allegations or new claims in his briefs, the Court notes that a plaintiff may not amend his complaint in motion briefing. *See, e.g.*, *Kan. Motorcycle Works USA, LLC v. McCloud*, 569 F. Supp. 3d 1112, 1127 (D. Kan. 2021) (stating that "a party may not amend its complaint by way of arguments in a brief"); *Wilson v. Johnson*, No. 19-cv-2279-CMA-NRN, 2020 WL 5815915, at *5 (D. Colo. Sept. 30, 2020) (stating that it is "well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss").

On December 18, 2023, Defendant Moultrie, then a judge at the Defendant State Court, held a hearing "on the matter of [Plaintiff's] right to access and parent" his son. *Id.* at 5. Plaintiff alleges that Defendants Moultrie and the State Court "refused to address" his request, stating that his rights to access and parent his child "were subject to" conditions including: (1) Plaintiff's "compliance with a court recommendation for [Plaintiff] to engage a Court appointed Guardian Ad Litem for [his] son," which Plaintiff asserts "raises the matter of compelled speech," and (2) that Plaintiff "prove financial worthiness by providing detailed information about [his] financial integrity." *Id.* Plaintiff asserts that "both of these conditions were subject to the outcome of another hearing on January 29, 2024," but he provides no further factual allegations. *Id.* Plaintiff asserts that the actions of Defendants Moultrie and State Court "implicate[ ] culpability in the chain of authority up to and including the Governor, [Defendant] Polis, who is the chief administrative officer who appointed Judge [Defendant] Moultrie." *Id.*

Plaintiff's sole cause of action against all Defendants is for violation of the Fourteenth Amendment. *See id.* at 4-5, 7, 9-10. As relief, Plaintiff seeks damages and injunctive relief. *Id.* at 9 (asking the Court "to immediately and without hesitation recognize, support and fully enforce [Plaintiff's] parental activities"); *id.* at 10 (identifying monetary damages).

In their Motions to Dismiss [#21, #23], Defendants seek dismissal of this claim against them pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendant Guzman argues that she is not a state actor for purposes of 42 U.S.C. § 1983 and that the *Rooker-Feldman* or *Younger* abstention doctrine bar Plaintiff's claims. *Guzman Motion* [#23] at 1. The State Defendants argue that the Court lacks subject matter jurisdiction due to

4

Eleventh Amendment immunity, the domestic relations exception, and the *Younger* abstention or *Rooker-Feldman* doctrine. *State Defs.' Motion* [#21] at 6-11, 10 n.3. They also argue that Plaintiff fails to state a claim. *Id.* at 11-15.[4]

## II. Legal Standards

### A.     Fed. R. Civ. P. 12(b)(1)

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). In other words, "[a] Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1108 (10th Cir. 2019). Because federal courts are tribunals of limited jurisdiction, a court must establish a statutory basis to exercise jurisdiction. Fed. R. Civ. P. 12(b)(1); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). A court may only exercise jurisdiction "in the presence rather than the absence of statutory authority." *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (quoting *Wyeth Lab'ys v. U.S. Dist. Ct.*, 851 F.2d 321, 324 (10th Cir. 1988)). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against

---

[4] Plaintiff also argues that the Defendants failed to timely answer or respond to his Amended Complaint [#6], and he asks the Court to enter default judgment against them. *See First Response to State Defs.' Motion to Dismiss* [#30] at 1; *First Response to Guzman Motion to Dismiss* [#32] at 1. The Court need not address this argument for two reasons. First, Plaintiff improperly includes a motion for default judgment in his briefs in response to motions to dismiss. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.") Second, as discussed in this Recommendation, the Court lacks subject matter jurisdiction, which moots the question of default. *See, e.g.*, *Atkinson-Bird v. Utah, Div. of Child & Fam. Servs.*, 92 F. App'x 645, 647-48 (10th Cir. 2004) (declining to address one defendant's failure to respond to the plaintiff's complaint because, "[g]iven the district court's holding that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine, which we have upheld, any question regarding plaintiff's entitlement to a default judgment is moot.") (citing *Lundahl v. Zimmer*, 296 F.3d 936, 938-39 (10th Cir. 2002)).

5

its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks and citation omitted).

"Rule 12(b)(1) challenges may take two different forms." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023). "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). "When resolving a facial attack on the allegations of subject matter jurisdiction, a court must accept the allegations in the complaint as true." *Graff*, 65 F.4th at 507 (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). "When the moving party attacks the factual basis for subject matter jurisdiction, on the other hand, a court 'may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.'" *Id.* (quoting *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997)). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment[.]" *SK Fin. SA*, 126 F.3d at 1275. "In such instances, a court has discretion to consider affidavits and other documents to resolve the jurisdictional question." *Graff*, 65 F.4th at 507 (citing *Holt*, 46 F.3d at 1003).

B.   **The *Rooker-Feldman* Doctrine**

"[F]ederal review of state court judgments can be obtained only in the United States Supreme Court.'" *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker*

6

*v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923)); see also 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court[.]"). Stated simply, the *Rooker-Feldman* doctrine bars lower federal courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, federal district courts "do not have jurisdiction 'over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (quoting *Feldman*, 460 U.S. at 486).

The *Rooker-Feldman* doctrine "also bars any 'action in federal court that alleges an injury "inextricably intertwined" with a state court decision, such that success in the federal court would require overturning the state decision[.]'" *Wideman v. Colorado*, 242 F. App'x 611, 613-14 (10th Cir. 2007) (quoting *Epps v. Creditnet, Inc.*, 320 F.3d 756, 758-59 (7th Cir. 2003)). "Where a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1148 (10th Cir. 2004) (citation omitted), *overruled in part on other grounds as recognized in Jensen v. Utah Ct. of Appeals*, 525 F. App'x 678, 680 (10th Cir. 2013). Such claims are subject to dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Wideman*, 242 F. App'x at 614.

### III. Analysis

Both Defendant Guzman and the State Defendants raise the *Rooker-Feldman* and *Younger* abstention doctrines, which apply depending on whether the state court proceedings are complete or not.[5] *See Guzman Motion* [#23] at 1; *State Defs.' Motion* [#21] at 6-11, 10 n.3. Plaintiff argues that there is no ongoing case and, therefore, "the *Younger* argument is irrelevant[.]" *Corr. Second Response to State Defs.' Motion* [#36] at 4. (asserting that *Younger* is irrelevant because "[t]he foundation of the defendants' arguments is that there was an ongoing case and, in fact, there was not").[6] The Court will accept Plaintiff's representation that no ongoing state court proceedings exist. Even so, the Court must consider the *Rooker-Feldman* doctrine, which is jurisdictional, before it can consider the merits or plausibility of Plaintiff's claims under Rule 12(b)(6).

**A.  Subject Matter Jurisdiction**

The Tenth Circuit routinely applies the *Rooker-Feldman* doctrine to bar suits that challenge state court child custody determinations or state court procedures. *See, e.g.*, *Shophar v. United States*, 838 F. App'x 328, 332-33 (10th Cir. 2020) (affirming dismissal of parents' habeas claim challenging state court child custody order under *Rooker-Feldman* doctrine because there was "no reasonable way to read the [plaintiffs'] complaint

---

[5] While the *Rooker-Feldman* doctrine bars federal review of final state court judgments, the *Younger* abstention doctrine "dictates that federal courts not interfere with [ongoing] state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999); *see also Younger v. Harris*, 401 U.S. 37 (1971).

[6] This distinction would not change the outcome, and if state court proceedings are ongoing, the Court would still recommend declining jurisdiction under the *Younger* abstention doctrine. *See, e.g.*, *Alfaro v. County of Arapahoe*, 766 F. App'x 657, 660 (10th Cir. 2019) (affirming district court's alternative findings that *Rooker-Feldman* and *Younger* abstention barred federal review of state-court divorce and custody proceedings); *Wideman v. Colorado*, 242 F. App'x 611, 614 (10th Cir. 2007) (making similar alternative findings).

. . . as anything but an attempt to obtain custody of the children"); *Alfaro v. County of Arapahoe*, 766 F. App'x 657, 659-61 (10th Cir. 2019) (affirming dismissal of mother's constitutional claims challenging state-court divorce and child custody proceedings under *Rooker-Feldman* doctrine because she "complained of injuries caused by state-court judgments"); *Atkinson-Bird v. Utah, Div. of Child & Fam. Servs.*, 92 F. App'x 645, 647 (10th Cir. 2004) (affirming dismissal of mother's civil rights action challenging state court child custody decisions under the *Rooker-Feldman* doctrine where adjudication of her claim would "involve the court in relitigating the various child custody issues and, potentially, second-guessing state court decisions on these matters").

Here, Plaintiff claims that Defendants violated his Fourteenth Amendment right to familial association when Defendants Moultrie and State Court imposed two conditions on his "right to access and parent [his] 4.5 years old son[.]" *Am. Compl.* [#6] at 5. These state court-imposed conditions and findings are at the heart of his allegations. *See, e.g.*, *id.* at 7 (asserting that Defendant Guzman "relies on the support of the State Court to sanction in writing [Plaintiff's] right to parent [his son]" and that "these conditions were retained after [Plaintiff] asserted his 14th Amendment rights in open court"). He accuses the state court of "refusing to acknowledge [his] rights and having no written findings that would disqualify his parental rights, act[ing] in violation with Federal Law." *Id.* at 7-8.

Additionally, Plaintiff seeks monetary damages based on the "loss of contact between a loving father and his son" that allegedly resulted from the December 18, 2023 hearing, as well as injunctive relief to restore his "rights to immediately and without hesitation recognize, support and fully enforce [his] parental activities." *Id.* at 9, 10. He

attempts to argue that this "is not a domestic dispute claim but a [42 U.S.C. §] 1983 civil rights claim." *Corr. Second Response to State Defs.' Motion* [#36] at 8.

Ultimately, no matter how Plaintiff tries to frame his claim, the alleged Fourteenth Amendment violations directly result from and are inextricably intertwined with Defendants Moultrie's and State Court's imposition of conditions on Plaintiff's access to his son. The Court cannot reasonably read Plaintiff's Amended Complaint [#6] in any other way: Plaintiff seeks custody of his child. *Cf. Shophar*, 838 F. App'x at 332-33. The fact that Plaintiff pursues his claim through 42 U.S.C. § 1983 does not save it. *Cf. Atkinson-Bird*, 92 F. App'x at 647 ("It is well-settled, however, that an unsuccessful state litigant cannot challenge an adverse state judgment and circumvent the rule of *Rooker-Feldman* simply 'by bringing a constitutional claim under [the civil rights statutes].'") (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (modification in original).

The relief sought by Plaintiff—whether money damages based on a denial of custody ore deprivation of parental rights or injunctive relief for Defendants to "recognize" and "support" his parental rights—would require this Court to undermine or invalidate Defendants Moultrie's and the State Court's judgment imposing conditions on Plaintiff's parental rights. *Am. Compl.* [#6] at 9; *see also Pandey v. Russell*, 445 F. App'x 56, 59 (10th Cir. 2011) (affirming dismissal of monetary damages claims under *Rooker-Feldman* doctrine because, "for [the plaintiff] to prevail on those claims, the district court in this case would have to review, and ultimately reject, the orders issued by the defendants in the state divorce proceedings") (citing *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007)). The Court concludes that Plaintiff's constitutional claims "are little more than thinly

10

disguised efforts to overturn, or at least call into question the validity of, the rulings entered against him by the Colorado state court[]." *Wideman*, 242 F. App'x at 624.

In sum, the Court finds that Plaintiff's Fourteenth Amendment claim is barred by the *Rooker-Feldman* doctrine. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claim. Accordingly, the Court **recommends** that Plaintiff's claims be **dismissed without prejudice**. *See, e.g.*, *Wideman*, 242 F. App'x at 615 ("Because dismissals based upon the *Rooker-Feldman* and *Younger* abstention doctrines are jurisdictional, they should be entered without prejudice.") (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1214 (10th Cir. 2006)).

**B.     State Defendants' Motion for Leave [#37]**

Separately, the State Defendants have moved for leave to file a sur-sur-reply, arguing that Plaintiff did not substantively respond to their Motion to Dismiss [#21] until his Corrected Second Response [#36], which he filed after briefing had closed. *See Motion for Leave* [#37], ¶ 6. They ask the Court to exercise its discretion and accept their Sur-Sur-Reply [#37-1]. *Id.*, ¶ 8.

The decision whether to permit a surreply (or sur-sur-reply) is within a court's discretion. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). Generally, a party "should be given an opportunity to respond to new material raised for the first time" in a reply (or, here, an improperly filed surreply). *Id.* New material includes new evidence and new legal arguments. *Id.*

Here, the Court agrees that Plaintiff waited until his Corrected Second Response [#36] before raising any substantive arguments in opposition to the State Defendants'

11

Motion [#21]. *See generally First Response to State Defs.' Motion* [#30] (arguing that Defendants are in default and generally that federal courts should validate rights enshrined in the Constitution); *but see generally Corr. Second Response to State Defs.' Motion* [#36] (arguing that *Younger* abstention does not apply, disputing Eleventh Amendment immunity arguments, challenging the State Defendants' cited authority, and raising, for the first time, First Amendment and Fourth Amendment "considerations"). The State Defendants should be given an opportunity to respond to this material. *Cf. Green*, 420 F.3d at 1196. Therefore, in the Court's discretion, the State Defendants' Motion for Leave [#37] is **granted** and their Sur-Sur-Reply [#37-1] is **accepted as filed**.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion for Leave [#37] is **GRANTED** and the State Defendants' Sur-Sur-Reply [#37-1] is **ACCEPTED AS FILED**.

IT IS FURTHER **RECOMMENDED** that the State Defendants' and Defendant Guzman's Motions to Dismiss [#21, #23] be **GRANTED** and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: February 26, 2025                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge